## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

In Re: ) Bankruptcy Case
) No. 05-66116-fra13
TONG SENG VUE and MAI YER VUE, )
)
_____Debtors._____) MEMORANDUM OPINION

The Debtors seek to confirm a modified plan of reorganization pursuant to 11 U.S.C. § 1329[1]. The new plan contemplates an early payoff of claims required to be paid under the original plan, using the proceeds (or some of them) from a refinance of Debtors' real property financing. The Trustee objects, arguing that the Debtors are required as a matter of law to continue making plan payments for at least 36 months. Moreover, the Debtors' new plan is not, the Trustee asserts, made in good faith.

The threshold issue has previously been determined by the Ninth Circuit's Bankruptcy Appellate Panel (BAP) in a controversial opinion. The threshold question is: must this court follow the BAP's decision? I find that I must, and hold that the matter must proceed to trial on the Trustee's good faith objection.

// // //

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date (October 17, 2005) of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, Apr. 20, 2005, 119 Stat. 23.

Page 1 - MEMORANDUM OPINION

## BACKGROUND

Debtors filed for bankruptcy under Chapter 7 of the Bankruptcy Code on July 25, 2005, prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), and received a discharge of debts on December 7, 2005. On April 5, 2006, the Chapter 7 Trustee filed an application to employ a real estate broker to sell the Debtors' residence in Salem, Oregon. The Debtors moved on April 18 to convert their bankruptcy case to one under Chapter 13, and an order granting the motion and vacating Debtors' Chapter 7 discharge was entered on the following day.

After the conversion order was entered, an initial Chapter 13 plan was filed which provided for payments over 40 months. The Trustee filed a written objection to confirmation alleging that the amount that had to be paid to unsecured creditors under the best interest of creditors test[2] was $9,000 (the plan proposed to pay only $2,530), and that the claimed homestead exemption was higher than allowed. The Trustee indicated at the confirmation hearing that his objections had been resolved, and an order of confirmation was entered on July 27, 2006 which amended the plan of reorganization to provide for an 8% dividend to general unsecured creditors.

On December 21, 2006, Debtors filed a post-confirmation modified plan which provided for the refinancing of their residence by February 28, 2007. From the proceeds of the refinance, Debtors would pay to the Trustee an amount sufficient to pay all claims due under the original Chapter 13 plan. Debtors would then be entitled to a discharge. The Trustee objected on good faith grounds and argued that the Chapter 7 Trustee's listing price for the property of $165,000, rather than the value indicated in Debtors' schedules, should be used to calculate a best interest of creditors amount for the modified plan. Using that figure, the best interest amount would be $19,769, rather than $9,000. Further, the Trustee objected that a Chapter 13 plan must last at least 36 months; that is, that the Debtors must continue to make monthly payments of their

// // //

---

[2] Code § 1325(a)(4) requires as a condition of confirmation that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim be not less than the amount that would be paid on account of such claim in a Chapter 7 case.

Page 2 - MEMORANDUM OPINION

disposable income for 36 months from the date of the petition, or until all allowed unsecured claims are paid in full, whichever first occurs.

At the confirmation hearing on the modified plan, the Debtors' attorney stated that the amount paid to holders of allowed unsecured claims would be increased to $19,769. Debtors argue that the modified plan thus benefits both the Debtors and creditors, which would be paid more than under the confirmed plan. They rely on In re Sunahara, 326 B.R. 768 (9th Cir. BAP 2005) to counter the Trustee's argument that the plan must last at least 36 months. At the conclusion of the hearing, I took the matter under advisement, and allowed both parties to submit memoranda regarding the Sunahara opinion and whether the Bankruptcy Court is bound by its holding. The parties thereafter submitted their well-reasoned memoranda. After reading the parties' submissions and researching the issue further, the Court concludes that the Sunahara opinion is binding authority.

## DISCUSSION AND ANALYSIS

A. Sunahara

Sunahara, as in the present case, involved a Chapter 13 Debtor which modified his confirmed 36-month Chapter 13 plan to provide for a lump-sum payoff of all allowed claims provided for in the confirmed plan and an early discharge. The bankruptcy court denied confirmation and the Debtor appealed to the Bankruptcy Appellate Panel (BAP).

The BAP analyzed the interplay of the various sections of the Code involving confirmation in Chapter 13 as they relate to 11 U.S.C. § 1329, the section governing modification of a plan after confirmation. Section 1329(b)(1) provides that "[s]ections 1322(a), 1322(b), and 1323(c) of this title *and the requirements of 1325(a)* of this title apply to any modification under subsection (a) of this section." [Emphasis added]. Section 1325 reads in relevant part as follows:

(a) Except as provided in subsection (b), the court shall confirm a plan if-

    (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

    (2) any fee, charge, or amount required under chapter 123 of title 28 or by the plan, to be paid before confirmation, has been paid;

Page 3 - MEMORANDUM OPINION

> (3) the plan has been proposed in good faith and not by any means forbidden by law;
>
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
>
> (5) with respect to each allowed secured claim provided for by the plan-
>
>> (A) the holder of such claim has accepted the plan;
>>
>> (B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and
>>
>>> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
>>
>> (C) the debtor surrenders the property securing such claim to such holder; and
>
> (6) the debtor will be able to make all payments under the plan and to comply with the plan.
>
> (b) (1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-
>
>> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>>
>> **(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.** [emphasis added].
>
> * * * *

The Panel held that because the requirements of § 1325(b), including the disposable income test of § 1325(b)(1)(B), are not included in the language of § 1329, a post-confirmation modified plan does not have to comply with the requirement in § 1325(b)(1)(B) that a plan, to be confirmed, must run for 36 months when confirmation is objected to. Instead, a modified plan confirmed under §1329 may provide for an early payoff, without the necessity of paying all allowed unsecured claims in full. In determining whether to authorize an early payoff of a previously confirmed Chapter 13 plan, the Panel directed the Bankruptcy

Page 4 - MEMORANDUM OPINION

Court to

> carefully consider whether the modification has been proposed in good faith....Such a determination necessarily requires an assessment of a debtor's overall financial condition including, without limitation, the debtor's current disposable income, the likelihood that the debtor's disposable income will significantly increase due to increased income or decreased expenses over the remaining life of the original plan, the proximity of time between confirmation of the original plan and the filing of the modification motion, and the risk of default over the remaining term of the plan versus the certainty of immediate payment to creditors.

Sunahara at 782-83.

B. The Sunahara Opinion is Binding on This Court

If I were writing on a clean slate, I would be inclined to deny confirmation of the modified plan, following the logic of In re Keller, 329 B.R. 697 (Bankr. E.D.Cal. 2005) and other authority cited in the Trustee's memorandum. However, this Court is not free to ignore the BAP's opinion in Sunahara.

The BAP has held that the decisions of the Panel are binding on each of the Bankruptcy Courts in the districts comprising the Ninth Circuit. In re Windmill Farms, 70 B.R. 618, 622 (9th Cir. BAP 1987); In re Proudfoot, 144 B.R. 876, 878 (9th Cir. BAP 1992). Bankruptcy judges in the District of Oregon have generally agreed to this proposition. See Harry Ritchie's Jewelers, Inc. v. Chlebowski (In re Chlebowski), 246 B.R. 639,645 (Bankr. D.Or. 2000); In re Platt, 270 B.R. 773, 775 (Bankr. D.Or. 2001). The rationale for the holding is that Congress's purpose in establishing the BAP was to provide a uniform and consistent body of bankruptcy law throughout the circuit.

The District Court in Oregon has held that "because a bankruptcy court is not bound by decisions from other districts, it should not be bound by BAP decisions originating in another district." In re Selden, 121 B.R. 59,62 (D.Or. 1990)(Panner, J.). (Note that Sunahara arose in the Northern District of California.) Selden relies on Judge Hess's opinion in In re Junes, 76 B.R. 795,797 (Bankr. D.Or 1987), aff'd on other grounds, 99 B.R. 978 (9th Cir. BAP 1989). Junes reasoned that: The BAP is an intermediate appellate court, sitting between the trial court and the Court of Appeals. District Court judges, acting as courts of appeal from Bankruptcy Courts, sit in the same position relative to the trial court and the Circuit Court of Appeals. Since a ruling of one District Court is not binding on another District Court within the circuit, it follows that

Page 5 - MEMORANDUM OPINION

the BAP, acting on a case from a particular district, cannot bind Bankruptcy Courts in other districts. See also In re Crook, 62 B.R. 937, 941 (Bankr. D.Or. 1986), *rev'd* 79 B.R. 475 (9th Cir. BAP 1987) (Reversed on the merits.) While there is some logic to the argument, it overlooks entirely Congress's purpose in establishing the BAPs to advance uniformity in the law.

It has been held that the opinion of a single District Court judge is not binding in subsequent cases in any event. See e.g. In re Barakat, 173 B.R. 672 (Bankr. C.D.Cal. 1994); In re Gaylor, 123 B.R. 236 (Bankr. E.D.Mich. 1991). The logic behind Barrakat and similar cases is that, since no District Court judge can bind another District Court judge in the same district, there is no uniform authority binding the bankruptcy courts. Individual panels of the BAP, on the other hand, are bound by the decision of other panels unless the decision has been undermined by the Court of Appeals or the Supreme Court. In re Rowley, 208 B.R. 942 (9th Cir. BAP 1997).

In the present case, the BAP's opinion in Sunahara should control for the following reasons:

The Doctrine of *stare decisis* advances two important principles: the uniformity of case law throughout a jurisdiction, and the resulting predictability of results required in order to ensure fairness of the judicial process to litigants. As a matter of fundamental fairness to parties before it, a trial court must strive to apply the law as it is held by courts which may review its decisions. Otherwise, parties will often be forced to the trouble and expense of an appeal to achieve a lawful result whenever the trial court disagrees with the higher court's view of the law. Rules of comity and *stare decisis* are essentially corollaries of this basic rule.

In this case, there is appellate authority from the BAP that is directly on point. There is no decision from any Oregon District Court judge addressing the issues before the Court at present. I do not read Selden as an invitation (much less an instruction) to bankruptcy courts to disregard BAP authority in cases where there is no contrary District Court authority. It is one thing to say that District Court authority somehow outweighs the BAP's where the two conflict; it is quite another to say that, where the District Court has been silent, the Bankruptcy Courts are free to disregard the opinions of the BAP. Such a rule would seriously undermine the BAP's role in promoting uniformity in the law in this Circuit.

Page 6 - MEMORANDUM OPINION

I hold that where the Bankruptcy Appellate Panel has issued an opinion applicable to the facts before the Bankruptcy Court, and there is no District Court opinion applicable to those facts, the Bankruptcy Appellate Panel's opinion is binding.[3]

## CONCLUSION

The <u>Sunahara</u> opinion is binding on this Court and confirmation of the modified plan filed by the Debtors in this case may not be denied solely because the plan seeks to pay off Debtors' confirmed plan in less than 36 months, absent payment in full of all unsecured creditors. At the confirmation hearing on January 30, the Trustee had sought to question the Debtors as to good faith and other matters, but the Debtors' attorney stated that the Debtors were not in attendance as the issues involved in confirmation were, at that time, entirely legal matters. However, as the court in <u>Sunahara</u> noted, good faith is still at issue in the confirmation of a modified plan which seeks an early payoff of a confirmed plan. If the Trustee finds that good faith is still at issue and wishes to present additional evidence, he should request within seven days of the date of entry of this Memorandum Opinion and associated order an adjourned evidentiary hearing. Absent such a request, the order confirming the modified plan of reorganization should be submitted in the regular course.

FRANK R. ALLEY, III
Bankruptcy Judge

---

[3] Whether the Bankruptcy or District Court would prevail where there are conflicting on-point opinions, must be left for another day. Once a final order is entered in this case, the Trustee may appeal this decision to the BAP, unless of course the Debtors object, in which case the appeal will go to a District Court judge. The BAP has held that, while it is not bound by a decision of a District Court acting in its appellate capacity, it "pays great deference to the decision of the District Court and [follows] such decisions when possible." In re Windmill Farms, Inc. 70 B.R. 618, 622 (9th Cir. BAP 1987) *rev'd on other grounds* 841 F. 2d 1467 (9th cir. 1988). There is no reason to believe that District Courts would not take the same approach with respect to BAP decisions.

Page 7 - MEMORANDUM OPINION